# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1501V
Filed: January 23, 2023
UNPUBLISHED

| | |
|---|---|
| ANNA KRUPP,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Human Papillomavirus (HPV) vaccine; Postural Orthostatic Tachycardia Syndrome (POTS) |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 27, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered postural orthostatic tachycardia syndrome ("POTS") as a result of the human papillomavirus ("HPV") vaccine she received on September 30, 2016.  (ECF No. 1.)  Petitioner filed her medical records over an extended period through July of 2022. (ECF Nos. 6-7, 30, 32, 35, 39, 41, 43, 46, 51, 57, 61.)  On August 26, 2022, respondent filed his Rule 4 report, recommending against compensation.  (ECF No. 60.)  On January 20, 2023, petitioner filed a Motion for a Decision Dismissing her Petition.  (ECF No. 65.)

Petitioner indicated that a "review of the case law and an investigation of the facts and circumstances of her case have demonstrated to Petitioner that she will be unable to meet the requirements imposed by the court for compensation in the Vaccine Program" and that "to proceed further would be unreasonable and waste the resources of the Court, the Respondent, and the Vaccine Program."  (*Id.* at 1-2.)  Petitioner

---
[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy.  If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

maintained her "firm belief" that the HPV vaccine caused her alleged injuries and indicated her intent to bring a civil action against the vaccine manufacturer. (*Id.* at 1.) She stated that she "understands that the dismissal of her [Vaccine Program] claim . . . will not be admissible in her civil action against the manufacturer of the HPV vaccine," but also adds that she is prompted to file the instant motion because the resulting decision might nonetheless be considered when determining whether she has complied with the Vaccine Act's prerequisites to filing a civil action. (*Id.* at 2 (citing 42 U.S.C. § 300aa-23(e)).) Petitioner further stated that she understands "that a decision by the . . . Special Master dismissing the Petition will result in a judgment against [her]" and that she "has been advised that such a judgment will terminate [her] rights in the [Vaccine Program]." (*Id.* at 3.) She noted that she intends to exercise her statutory right to reject the judgment against her and protect her right to file a civil action. (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. See §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Based on my review, petitioner's medical records do not support her allegations by a preponderance of the evidence, and she did not file a medical opinion from an expert in support of her allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing the Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.