# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1501V
Filed: July 21, 2023

| | |
|---|---|
| ANNA KRUPP,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.*
*Emilie Williams, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER ON MOTION TO REDACT[1]

On September 27, 2019, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her receipt of an HPV vaccination caused her to suffer postural orthostatic tachycardia syndrome ("POTS"). (ECF No. 1). On January 23, 2023, a brief decision issued dismissing the petition following petitioner's filing of a motion to dismiss. (ECF No. 66) Petitioner now moves to redact that decision. For the reasons discussed below, petitioner's motion is **DENIED.**

I. **Legal Standard**

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part that "[a] decision of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information…(ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information." § 300-aa-12(d)(4)(B). The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act. There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts. *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure. 2011 WL 802695, at *6-8. The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* At *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate. *Id.* At *11.

However, the Chief Special Master also observed that:

> One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion. Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion. Such redaction decisions can only be reached on a case-by-case basis.

*Id.* at *9.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act. 100 Fed. Cl. 440. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id.* at 460-61. Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and

adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed. *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland. See, e.g., K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request"). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred. *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.")

Some petitioners move for redaction of their case captions to initials based on concerns about present and future employment relationships and opportunities. For example, in *Kelly v. Sec'y of Health and Human Servs.*, petitioner expressed concerns about his relationship with his current employer and future opportunities due to being in a "sensitive" profession that relies on the public's trust. No. 16-1548V, Slip op. (Fed. Cl. Spec. Mstr. Feb. 16, 2023)[2]. I denied his motion to redact after finding no professional connection to vaccines specifically and no inflammatory or unusual allegations in the petition. I concluded that "blanket fear" regarding association with the program does not justify redaction and further indicated that "it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence." *Id.* at 5.

However, I also previously found that redaction to initials was justified based on future employment concerns when other facts were also present. Namely, the petitioner's identity had initially been protected because she was a minor at the time of filing and the nature of the condition itself (narcolepsy) and her early life stage appeared especially likely to hamper future prospects. *A.T. v. Sec'y of Health & Human Servs.*, No. 16-393V, 2022 WL 819583 at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022). *See also C.F. v. Sec'y of Health and Human Servs.,* No. 15-731V, 2023 WL 2583513 (Fed. Cl. Spec. Mstr. Feb. 24, 2023) (granting motion to redact based on similarity to *A.T.* as well as discussion within the decision of mental health care).

Other Special Masters have been willing to grant motions to redact where a petitioner expressed concern that disclosure of their medical information would lead to fewer opportunities for career growth due to perceived health limitations that would otherwise remain private. *See E.M.* v. Sec'y *of Health and Human Servs.*, No. 14-753V, 2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021); *A.F. v. Sec'y of Health and Human Servs.*, No. 19-0446V, 2023 WL 2387810 (Fed. Cl. Spec. Mstr. Mar. 7, 2023).

---

[2] https://www.govinfo.gov/content/pkg/USCOURTS-cofc-1_16-vv-01548/pdf/USCOURTS-cofc-1_16-vv-01548-1.pdf

3

## II.     Party Contentions

In her motion, petitioner stresses the above-discussed *W.C.* standard for redaction. (ECF No. 68, p. 5-6.). Additionally, petitioner argues the reasoning in *A.T.* applies to her case. Petitioner contends that disclosure of the medical information in the decision would be harmful to her employment and cause damage to her career as a "science writer for a small biomedical technology company." (ECF 68, p. 2.) Although the decision contains limited information about petitioner's medical condition, she identifies her medical condition and claim about its cause as the elements that would be the "most damaging" if disclosed. (Ex. 27 at 3.) She fears colleagues in her field, some of whom "strongly favor vaccination," would view her vaccine injury claim negatively. (*Id.*) Furthermore, petitioner contends disclosure would expose her "to the bias of persons who take a dim view of a claim relating to vaccine injury." (*Id.* at 5.)  Petitioner requests that the decision filed January 23, 2023 be redacted to reflect only her initials. Secondarily, petitioner argues that awareness regarding the fact of her condition may, as a general matter, facilitate employment discrimination. (*Id.*)

In response to petitioner's motion, respondent provided a recitation of the relevant case law, namely a comparison of the above-discussed *Langland* and *W.C.* cases. (ECF No. 69 pp. 2-3.) However, citing the language of the Vaccine Act indicating that decision of special masters "shall be disclosed" (§ 300-aa-12(d)(4)(B)), respondent stresses that "when petitioners file petitions requesting compensation under the Act, they do so with knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public." (*Id.* at 4.) Respondent continues:

> Congress's requirement that decisions of special masters 'shall be disclosed' is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits of these claims. Respondent likewise acknowledges that there is a privacy interest inherent in all medical information. Yet, the Vaccine Act's use of the term 'clearly unwarranted invasion of privacy' to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision. Without such a showing, redaction is not appropriate.

(*Id.*)

Nonetheless, respondent "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." (*Id.* at 5.) "Respondent does not believe it is appropriate to

4

advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Special Master's judgment as to whether petitioner's Motion should be granted, applying the analytical framework discussed above." (*Id.*) Respondent does contend, however, that "[t]here is also a significant Program interest in not having every case caption reduced to initials. This would make the administration of the Program unmanageable, because the parties and Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." (*Id.* at 4.)

Petitioner filed no reply.

### III. Discussion

The decision at issue does not include any inherently sensitive subject of the type discussed in *Langland, supra*. Additionally, petitioner does not advance any argument that the specific details of her medical history beyond the fact of her alleged diagnosis support her redaction request. Indeed, it must be stressed that the decision at issue was a summary dismissal with no detailed discussion of petitioner's medical history. Instead, petitioner's motion is based primarily on the idea that her name will be publicly associated with the fact of her claim within the Vaccine program and that this connection will expose her "to the bias of persons who take a dim view of a claim relating to vaccine injury." (Ex. 27 at 5.)  Absent special circumstances of some kind, I do not find that this fear alone rises to the level of a clearly unwarranted invasion of privacy. There are several reasons why this is not persuasive as a basis for redaction, even the more limited type of redaction favored by *W.C.*, *supra*.

Petitioner's motion is based merely on the potential for misunderstanding, which is inherently speculative. This compensation program is itself part of a broader statutory effort designed to "achieve optimal prevention of human infectious diseases through immunization and to achieve optimal prevention against adverse reactions to vaccines." § 300aa-1. It would not be accurate to characterize the program as "anti-vaccine." Therefore, petitioner's rationale for redaction is premised on speculation that individuals in her field and workplace misperceive the program. Even granting *arguendo* that petitioner's colleagues could misperceive the program or do have strong views about vaccination generally, petitioner is unpersuasive in offering a bare assertion that public disclosure of her participation in the program will stigmatize her and hinder the advancement of her career.

Although petitioner works as a science writer, it is not apparent from her motion that her work involves vaccines specifically. Petitioner makes no assertion she is in any way expected to recommend or otherwise be an authority on vaccinations. *See O.M.V. v. Sec'y of Health and Human Servs.* No. 16-1505V, 2021 WL 3612149 at *1 (Fed. Cl. Spec. Mstr. July 21, 2021) (granting motion to redact where petitioner was a licensed physician concerned that public association with a vaccine claim would diminish

"perceived reliability of his recommendations" and damage his relationship with patients). Petitioner contends that she must remain objective as a science writer. However, the decision at issue says nothing of petitioner's personal views regarding the science of vaccines and vaccine injuries beyond the fact that she alleged her own condition to have been vaccine-caused. If the petition was filed in good faith, then this is accurate as far as it goes and does not inherently implicate petitioner's objectivity on the subject. As previously observed in *Kelly, supra,* "[a]bsent demonstration of a clearly unwarranted invasion of privacy as contemplated by the Vaccine Act and Vaccine Rules, it is not the undersigned's role to become involved in the management of petitioner's online presence." No. 16-1548V, Slip op. (Fed. Cl. Spec. Mstr. Feb. 16, 2023), at 5.

Respondent is persuasive in noting that the type of disclosure petitioner wishes to avoid is an expected part of this program's petition process. It therefore does not in itself constitute a "clearly unwarranted" invasion of petitioner's privacy. Petitioner contended that she suffered onset of an allegedly autoimmune condition temporally proximate to her vaccination, a commonplace type of allegation in this program. This is the full extent of the discussion contained in the decision at issue. If the nature of this petitioner's allegations were sufficient to warrant redaction even without detailed discussion of her medical history, then virtually every case would have its caption redacted.

It is also worth noting that even if I granted the relief requested, petitioner's full name will still appear in the Federal Register as having filed this petition in the program. § 300aa-12(b)(2). Thus, a sufficiently motivated individual would still be able to link petitioner's name to her claim in the program and ultimately the decision dismissing her case. Indeed, consistent with respondent's broader discussion within his motion response, this provision of the Vaccine Act requiring publication of a notice of each petition, especially when read in conjunction with the "clearly unwarranted" language of Section 12(d)(4)(B), underscores that the statute did not contemplate affording petitioners anonymity as a matter of course.[3]

---

[3] This also reduces the practical benefits of redaction, which should also be weighed against the Program's interest in effectively managing cases and minimizing confusion using unique case captions. In fact, both parties highlight in their respective briefs that the Program's previous practice of changing titles of cases involving minors to "Doe" quickly became confusing and untenable because it was extremely challenging to identify and cite cases with the same name. (ECF No. 68, n.8; ECF No. 69, pp. 4-5.) Granting motions to redact with regularity when there is minimal, if any, evidence of "clearly unwarranted" invasion of privacy has the potential to similarly hinder the efficient administration of the Program even with the alternative use of initials. For example, the proposed caption of "A.K." is already in use in at least one prior unrelated case. *See A.K. v. Sec'y of Health and Human Servs*., No. 9-605V, 2013 WL 441971 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).

To the extent petitioner's motion also includes at least some suggestion that she fears discrimination based on the nature of her condition, this is not persuasive in this case without more. For example, petitioner has not suggested her profession is physically demanding or that particular symptoms of POTS would be concerning to employers in her profession, especially given the absence of further details suggestive of ongoing disability. Another petitioner alleging POTS was granted a redaction for similar reasons, but more specifically demonstrated, *inter alia*, that *specific facts discussed in the decision* would likely impact her potential to work in the future as a concert violinist. *A.F.*, 2023 WL 2387810, at *2. Absent such additional concerns, petitioner's participation in the program says nothing of her ability to continue to excel in her career. Petitioner contends her showing is sufficient to justify redaction by the standard set forth in *K.L. v. Sec'y of Health and Human Services* where the Court determined petitioner made a sufficient showing by "indicating how the redacted information might harm her future employment interest." No. 12-312V, 2015 WL 11882259, at *2.[4]  *K.L.*, however, expressed concern that disclosure of her specific symptoms and their impact on her life would harm her future employment.  In any event, *K.L.* is not binding.

Finally, petitioner also relies on my prior decision in *A.T.*; however, factors were present in that case that are not present here. The petitioner in *A.T.* was a minor at the time the original petition was filed and suffered a different condition.  The nature of that petitioner's medical condition, and the likelihood that awareness of the condition itself could hinder prospects, were significant factors in the decision to grant petitioner's motion to redact. *A.T. v. Sec'y of Health and Human Servs.,* No. 16-393V, 2022 WL 819583, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022).  Moreover, *A.T.* involved an extensive discussion of the petitioner's medical course. Here, a brief summary dismissal is at issue and the decision contains only a limited reference to the fact of that condition, with no discussion of petitioner's ongoing health status. Indeed, the decision at issue does not even confirm that petitioner preponderantly established that she ever suffered the condition alleged.

### IV.    Conclusion

There can be no question that publication of the decision at issue constitutes some intrusion into petitioner's privacy. The question to be resolved, however, is whether that intrusion is "clearly unwarranted." In that regard, petitioner's motion has failed to provide justification for redaction consistent with the above-discussed legal

---

[4] There are multiple orders that address redaction in the *K.L.* case. *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761 (Fed. Cl. Spec. Mstr. October 30, 2015) (denying Petitioner's Motion to Redact); *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (denying Petitioner's Motion for Review of the Special Master's Order Denying Motion to Redact); *K.L. v. Sec'y of Health & Human Servs.*, No. 2015 WL 11882259 (Fed. Cl. Spec. Mstr. October 30, 2015) (granting Petitioner's Supplemental Motion for Redaction). Petitioner references the most recent order on redaction.

standard. While I sympathize with petitioner's desire for privacy, she has failed to substantiate that a balancing of the relevant considerations counsels any redactions to the decision dismissing her petition.  Accordingly, in light of all of the above, petitioner's motion is **DENIED**.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[5] Because no motion for attorneys' fees and costs has been filed to date, it is not yet known whether any reasonable basis issue will be discussed in a subsequent decision that discloses greater detail regarding the nature and course of petitioner's injury.  Such a discussion could be inconsistent with the analysis above.  Moreover, if petitioner were to successfully move to redact the case caption based on the content of any subsequent decision resolving attorneys' fees and costs, then effectuating that relief would make it appropriate to also issue the public version of the other decisions issued in the case using the redacted case caption.  Accordingly, I will hold publication of both this order and the decision dismissing this case until such time as attorneys' fees and costs, and any attendant opportunity to subsequently move for redaction of that decision, are resolved or the time for the filing of an application for attorneys' fees and costs has lapsed pursuant to Vaccine Rule 13(a).